UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE MALCOLM,

         Plaintiff,

                  <u>DECISION AND ORDER</u>

                  09-CV-6421L

       v.

HONEOYE FALLS-LIMA CENTRAL
SCHOOL DISTRICT,
KATHY WALLING,

         Defendants.
_____

  On October 27, 2010, this Court issued a Decision and Order denying plaintiff's motion for reconsideration of its September 14, 2010 Decision and Order and the resulting judgment. (Dkt. #31). Plaintiff now moves (Dkt. #33) for reconsideration of that Decision and Order, and further requests that the Court recuse itself.

  Initially, plaintiff's instant motion for reconsideration (Dkt. #33) of the Court's October 27, 2010 Decision and Order (which denied plaintiff's initial motion for reconsideration of an earlier order) is granted. To the extent that the October 27, 2010 Decision and Order denied plaintiff's initial motion for reconsideration, I find no reason to disturb that holding: plaintiff has pointed to no mistake of law or fact that would alter the Court's denial of the motion.

  However, the Court's October 27, 2010 Decision and Order also contained the observation that plaintiff's Notice of Appeal appeared to be untimely. Upon reconsideration, that finding is withdrawn. Recent amendments to the Federal Rules of Appellate Procedure have expanded the time period in which a motion for reconsideration may effect the automatic tolling of a party's time to file a notice of appeal: "the time to file an appeal runs for all parties from the entry of the order disposing [of a motion . . . under Rule 50 if the motion is filed no later than 28 days after the judgment is entered." Fed. R. App. Proc. 4(a)(4)(A)(vi) (incorporating December 1, 2009

amendment which expanded the applicable time period from 10 to 28 days). Plaintiff's initial motion for reconsideration was filed on September 28, 2010, fourteen days after the entry of the decision appealed from, and thirteen days after the entry of the resulting final judgment. Accordingly, plaintiff's time to appeal was tolled by the plaintiff's initial motion to reconsider, and did not begin to run until October 27, 2010, when the Court denied that motion. Plaintiff's premature Notice of Appeal, which is deemed to have been filed as of the date of entry of the operative order, is therefore timely. *See* Fed. R. App. Proc. 4(a)(2).

I further note that in such circumstances, the pendency of an appeal does not divest a district court of jurisdiction over plaintiff's initial motion for reconsideration, and therefore, the plaintiff's initial motion for reconsideration was properly considered by the Court. *See Collazo v. Sikorsky Aircraft Corp.*, 2005 U.S. Dist. LEXIS 6330 at *4 (D. Conn. 2005) ("when a . . . motion for relief under Rule 60 is filed no later than [the number of days designated by Fed. R. App. Proc. 4(a)(4)] days after a judgment is entered, the jurisdiction-divesting effect of a notice of appeal is nullified, and the district court is permitted to address the motion"), *citing Kai Wu Chan v. Reno*, 932 F. Supp. 535, 538 (S.D.N.Y. 1996). *See also Lowrance v. Achtyl*, 20 F.3d 529, 533 (2d Cir. 1994).

Plaintiff has also requested that the Court recuse itself. The relevant standard for evaluating a motion for recusal is set forth in 28 U.S.C. §455(a), which provides that, "[a] judge is required to recuse in any proceeding in which his impartiality might reasonably be questioned, and the test to be applied is an objective one which assumes that a reasonable person knows and understands all the relevant facts." *In re International Bus. Mach. Corp.*, 45 F.3d 641, 643 (2d Cir. 1995) (internal quotations and citations omitted). "Consideration of a motion for recusal is committed to the sound discretion of the district court, *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), and there is a substantial burden on the moving party to show that the judge is not impartial." *United States v. Lamorte*, 940 F. Supp. 572, 576 (S.D.N.Y. 1996). "A judge should not recuse himself on unsupported, irrational or highly tenuous speculation, and has as much of an obligation not to recuse himself when it is not called for as he is obliged to when it is." *Lamorte*, 940 F. Supp. 572 at 576-77 (internal quotations and citations omitted). *See also Zavalidroga v. Cote*, 2010 U.S. App. LEXIS 20591 at 3-*4 (2d Cir. 2010) ("we have a duty to . . . the Court at large, and the public

not to casually recuse ourselves when a party makes general and unsupported allegations about our impartiality").

Here, plaintiff's claims of prejudice on the part of the Court are wholly speculative. Plaintiff alleges no facts that would call the Court's impartiality into question. To the contrary, plaintiff merely complains that the Court has resolved defendants' underlying motion to dismiss in their favor. Plaintiff is simply upset that this Court ruled against her, but that is not a basis for recusal. Plaintiff's recusal motion is therefore denied.

## CONCLUSION

For the foregoing reasons, plaintiff's instant motion for reconsideration (Dkt. #33) is granted. Plaintiff's initial motion for reconsideration (Dkt. #29) is again denied, and the Court's October 27, 2010 Decision and Order (Dkt. #31) is amended to the extent that it referred to plaintiff's Notice of Appeal as untimely, for the reasons set forth herein. Plaintiff's request for recusal (Dkt. #33) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 9, 2010.